Ex parte A. P. HICKMAN.

No. A-5359.   Opinion Filed Oct. 17, 1925.
(239 Pac. 1118.)

Sigler & Jackson, for petitioner.

The Attorney General, for the State.

PER CURIAM. In the year 1921 the petitioner was sentenced to the state penitentiary for a term of one year and three months, said sentence based upon a judgment of conviction for an assault with intent to kill. The petitioner gave notice of appeal from this judgment to this court, and was thereupon given his liberty on a supersedeas bond, pending the appeal, which was never perfected. In December, 1924, petitioner surrendered to the sheriff of Carter county and instituted this action for a writ of habeas corpus, claiming that there was in fact no judgment of conviction in the trial court in 1921, and that his incarceration in the jail was without

authority of law. On presentation of this application in this court, a rule was issued to show cause why the writ should not issue, and a day fixed for final hearing. Upon the return day of the rule, no showing was made by either party, petitioner or respondent, and the hearing has since been many times postponed. On July 14, 1925, an appeal, or purported appeal, was filed here; said appeal being from an order made by the district court of Carter county, denying a motion to strike the judgment record from the files of the case originally tried, and denying a motion requesting the court to rule upon a motion for a new trial theretofore filed in said original action. This appeal, or purported appeal, is No. A-5695, now pending in this court. From the record in case A-5695 and from the correspondence of the petitioner and the history of the case as disclosed by both records, it appears that there is no merit in the application for the writ of habeas corpus. The application for the writ is therefore denied, and it is ordered further that the petitioner be remanded to the custody of the sheriff of Carter county, to be held to abide the terms of the judgment of conviction rendered in the district court of said county on March 5, 1921. A duly attested copy of this opinion shall constitute authority for the sheriff to arrest the petitioner, A. P. Hickman, and hold him in custody to satisfy the mandates of said judgment.